

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**DUANE HINES,**

                                                **Plaintiff,**

        -against-

**GIL KREITER a/k/a GILEAD KREITER;**
**GIL KREITER d/b/a BLOOMINGDALE**
**ROAD JUDGEMENT RECOVERY;**
**BLOOMINGDALE CAPITAL**
**MANAGEMENT, LLC;**
**BLOOMINGDALE PARTNERS LP;**
**BLOOMINGDALE PARTNERS LLC; and**
**BLOOMINGDALE ROAD RECOVERY,**
**LLC**

                                                **Defendant.**
-------------------------------------------------------x



**CV 21 - 4840**

**COMPLAINT FOR VIOLATIONS OF**
**FDCPA, FCRA AND OTHER CLAIMS**

**JURY TRIAL DEMANDED**

KUNTZ, J.

BLOOM, M.J.

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

The Plaintiff, **DUANE HINES**, respectfully shows to the Court and alleges, as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (**"FCRA"**), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collections Practices Act (**"FDCPA"**), 15 U.S.C. § 1692 *et seq.* and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under **15 U.S.C. § 1681 *et seq.*** and **15 U.S.C. § 1692 *et seq.***

3. Venue lies properly in this district pursuant to **28 U.S.C. § 1391 (b).**

4. Venue in this District is proper because Plaintiff lives here and Defendants transact business here and the acts and transactions that give rise to this action occurred, in substantial part, in this District.

1

# PARTIES

5. Plaintiff **Duane Hines** ("Plaintiff") is a natural person and a resident of Brooklyn, New York with a mailing address of **PO Box 250251, Brooklyn NY 11225**.

6. Defendant **Gil Kreiter a/k/a Gilead Kreiter** ("Defendant" or "Kreiter") may be found at **301 East 66th Street, #2B, New York, NY 10065**. Gil Kreiter is not a licensed individual authorized to conduct debt collection in New York City where the Plaintiff resides.

7. Defendant, **Gil Kreiter d/b/a/ Bloomingdale Road Judgement Recovery** ("Defendant" or "BRJR") maintains a location at **301 East 66th Street #2B, New York, NY 10065**. BRJR is not a legal entity chartered in or authorized to do business in New York State. Upon information and belief based on computer internet research, BRJR is not chartered in or authorized to do business in any jurisdiction in the United States. BRJR is not a licensed debt collection agency or entity authorized to conduct debt collection in New York City where the Plaintiff resides.

8. Defendant, **Bloomingdale Partners LP** ("Defendant" or "BPLP") is a company chartered in Delaware State. BPLP can be served at **301 East 66th Street #2B New York, NY 10065**. BPLP is not a licensed debt collection agency or entity authorized to conduct debt collection in New York City where the Plaintiff resides.

9. Defendant, **Bloomingdale Partners, LLC** ("Defendant" or "BP") is a domestic limited liability company chartered in New York State. BP's registered agent is Gil Kreiter. BP can be served at **301 East 66th Street #2B New York, NY 10065**. BP is not a licensed debt collection agency or entity authorized to conduct debt collection in New York City where the Plaintiff resides.

10. Defendant, **Bloomingdale Capital Management, LLC** ("Defendant" or "BCM") is a company chartered in Delaware State. BCM can be served at **301 East 66th Street #2B New York, NY 10065**. According to their website "**BloomingdalePartners.com**", as of the writing of this Complaint, Gil Kreiter is the Main Member and founder of "BCM" an investment management company and the General Partner of Bloomingdale Partners, LP. BCM is not a licensed debt collection agency or entity authorized to conduct debt collection in New York City where the Plaintiff resides

11. Defendant, **Bloomingdale Road Recovery, LLC** ("Defendant" or "BRR") is a domestic limited liability company chartered in New York State. BRR maintains an address at **301 East 66th Street #2B New York, NY 10065**. BRR can also be served at Corporation Service Company, 80 State St., Albany, New York 12207. BRR is not a licensed debt collection agency or entity authorized to conduct debt collection in New York City where the Plaintiff resides.

## STATEMENT OF FACTS

12. On or about January 29,2018, Plaintiff received a letter signed by Kreiter, dated January 11, 2018 stating that "This firm" purchased a judgment containing Plaintiff's name. Said judgment stated an amount owed of $23,748.71. Based on this letter, Plaintiff was unaware of which "firm" bought said judgment as there were two different companies named in the letter. The letter was misleading in nature. The letter had a typewritten signature of "Gil Kreiter". Gil Kreiter did not state the date that "This Firm" bought said judgment. The letter did not contain a New York City Department of Consumer Affairs Debt Collection Agency License Number as required in New York City for Debt Buyers and Debt Collectors. **A true and correct copy of this document has been attached to this complaint as Exhibit A (except that Plaintiff has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the document).**

13. On or about January 29, 2018, Plaintiff sent Kreiter an email and a USPS certified letter requesting Kreiter to validate this judgment, prove that Kreiter or any of the Defendants, had a legal right to contact Plaintiff about this judgment and to not call Plaintiff or harm Plaintiff's consumer credit file about this judgment. Plaintiff also requested Kreiter's Debt Collection Agency license number.

14. On or about February 15, 2018, Plaintiff received another letter signed by Kreiter, with a copy of what looks like a court judgment with scribbled writing on it. Nothing on this document stated Kreiter's, BCM, Bloomingdale Road Judgement Recovery, BRR, BPLP or BP's name. There was no chain of title of ownership of said debt or any document to prove Kreiter, BCM, Bloomingdale Road Judgement Recovery, BPLP or BP had legal ownership of said debt. Plaintiff was unaware of why Kreiter sent this letter. The letter was signed "Gil Kreiter". The letter did not contain a New York City Department of Consumer Affairs Debt Collection Agency License Number as required in New York City for Debt Buyers and Debt Collectors. **A true and correct copy of this document has been attached to this complaint as Exhibit A (except that Plaintiff has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the document).**

15. On or about February 26, 2018, Plaintiff received another letter signed by Kreiter stating that Plaintiff owed Kreiter $42,398.52 with different payment options and threatening Plaintiff that if Plaintiff didn't pay it by an expiration date of February 13, 2018, Plaintiff would experience an **"unpleasantness of further collection efforts"**. The letter had a typewritten signature of "Gil Kreiter". The letter did not contain a New York City Department of Consumer Affairs Debt Collection Agency License Number as required in New York City for Debt Buyers and Debt Collectors. **A true and correct copy of this document has been attached to this complaint as Exhibit A (except that Plaintiff has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the document).**

16. On or about November 27, 2020, **Bloomingdale Partners, LP** sent a **Subpoena Duces Tecum** to **Discover Bank** and obtained Plaintiff's sensitive, personal and confidential financial records by representing that Bloomingdale Partners, LP was a plaintiff in said action and that

Bloomingdale Partners, LP had a legal right to obtain this information. On January 4, 2021 at 7:32pm, Plaintiff received an email from the Compliance Operations Department of Discover Bank, stating that Discover received the SUBPOENA DUCES TECUM from **Bloomingdale Partners LP** and sent Plaintiff's sensitive, personal and confidential financial records to Bloomingdale Partners, LP mentioning attorney **Alexander H Yetwin, Esq**. The SUBPOENA DUCES TECUM named Alexander H Yetwin as "Attorney for Plaintiff" of said Judgment. Plaintiff's personal financial information, applications for credit and documents containing Plaintiff's personal banking account numbers and other personal information was included in Discover's financial records containing Plaintiff's name. This willful and intentional act of Bloomingdale Partners, LP was fraudulent, interfered with Plaintiff's private affairs and seclusion, was intrusive to Plaintiff and enabled identity theft of Plaintiff. **A true and correct copy of this document has been attached to this complaint as Exhibit B (except that Plaintiff has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the document).**

17. The index number on the Subpoena Duces Tecum corresponds to a case with a Plaintiff captioned "**Federated Financial Corporation of America AAO Advanta Bank Corp**" as Judgment Creditor.

18. Upon information and belief and based on computer internet research, **no motion was ever made in court to substitute Bloomingdale Partners, LP for said judgment**. According to the **Nassau County Clerk's Office**, the Judgment Creditor of said judgment, "Federated Financial Corporation of America AAO Advanta Bank Corp" did not assign said judgment to Bloomingdale Partners, LP.

19. **New York Civil Practice Law and Rules Section 5019(c)** provides that "a person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order. Upon such filing the clerk shall make an appropriate entry on his docket of the judgment."

20. **Bloomingdale Partners, LP** took no steps whatsoever to follow the mandates of CPLR 5019 (c)

21. **Bloomingdale Partners, LP** knew or should have known that no assignment of judgment had been filed in the New York County action under the name **Bloomingdale Partners, LP**.

22. **Bloomingdale Partners, LP** knew or should have known that without an assignment of judgment being filed under the name **Bloomingdale Partners, LP**, it was not able to rely on the authority of the **New York City and New York State Courts** to enforce the judgment with a Subpoena Duces Tecum or any Information Subpoena under the name **Bloomingdale Partners, LP**.

23. Despite this knowledge, **Bloomingdale Partners, LP** falsely represented in a **Subpoena Duces Tecum** that they were authorized to enforce the judgment entered in favor of Federated Financial Corporation of America AAO Advanta Bank Corp.

24. Upon information and belief, **Bloomingdale Partners, LP** did not take any steps to review the court file or the file of the County Clerk to ensure that an assignment of judgment had been filed **under the name Bloomingdale Partners, LP.**

25. On **December 7, 2020**, Plaintiff decided to look at Plaintiff's consumer reports from annualcreditreports.com to see if Mr. Kreiter or any of Kreiter's businesses took any action towards Plaintiff's consumer report regarding their collection actions. Upon looking at his TransUnion consumer report, Plaintiff noticed that **Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery** obtained his TransUnion consumer report via Microbilt without a permissible purpose both on **October 14, 2019** and in **October 30,2020**. Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery had no court order, upon information and belief, no contractual agreement with Plaintiff and no written authorization from Plaintiff to obtain Plaintiff's sensitive, personal and confidential consumer credit report. Plaintiff did not have any "credit" transaction with Gil Kreiter a/k/a/ Gilead Kreiter or Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery for BRJR to obtain Plaintiff's Consumer Credit Report as required in FCRA 15 U.S.C. § 1681b(a)(3)(A). *See (Rodriguez v. Experian Information Solutions Inc et al, No. 2:2015cv01224 - Document 21 (W.D. Wash. 2016) and Baron v. Mark A Kirkorsky PC, No. 2:2017cv01118 - Document 25 (D. Ariz. 2017)* A copy of Transunion's guidelines of who they issue consumer credit reports to is attached to this Complaint. **A true and correct copy of this document has been attached to this complaint as Exhibit C (except that Plaintiff has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the document).**

26. On **December 11, 2020**, Plaintiff emailed **Kreiter** to inform Kreiter of his FCRA and FDCPA violations. Krieter's response was to call him to "talk" about it. Kreiter typed his name to the email above the name "Bloomingdale Road Judgement Recovery". **A true and correct copy of this document has been attached to this complaint as Exhibit D (except that Plaintiff has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the document).**

27. On **April 26, 2021**, Plaintiff received an email from the NYC Office of Payroll stating that an income execution against Plaintiff's wages has been served at their office by the NYC Marshal, New York City Sheriff or Collector. The garnishment of wage amount against Plaintiff is for **$51,746.84**. Upon discovery, Plaintiff found that **the garnishment was executed by** "**Bloomingdale Road Recovery, LLC**". As of the date of this Complaint, Bloomingdale Road Recovery, LLC is still garnishing Plaintiff's wages out of Plaintiff's paycheck. The garnishment of Plaintiff's wages started on Plaintiff's April 30, 2021 paycheck. Bloomingdale Road Recovery, LLC is not a licensed debt collection agency in NYC to garnish wages from NYC residents and is doing so unlawfully. Unlicensed entities are not entitled to engage in collection activities and lack of a license is a defense in any attempt to collect a debt. **(New York City Administrative Code Title 20, Chapter 2 Subchapter 30 § 20-490 states, "§ 20-490 License**

**required. It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations."**

28. Defendants maliciously, willfully, intentionally and recklessly failed to obtain the proper licensure to collect debt collection in New York City and has been conducting debt collection business in New York City.

29. Defendants maliciously, willfully, intentionally and recklessly failed to show documentation that they were legally allowed to collect a debt from Plaintiff.

30. At all relevant times, Defendants failed to maintain and failed to follow reasonable procedures to assure having a permissible purpose to obtain and peruse Plaintiffs' consumer reports, concerning the debt in question, violating 15 U.S.C. § 1681 et seq.

31. Defendants have taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff. This includes the continued communicating the debt to third parties (even after consumer disputed it) and obtaining Plaintiff's consumer credit report without a permissible purpose from the consumer reporting agencies Microbilt, and TransUnion.

32. Defendant is liable to Plaintiff through the doctrine of *Respondeat Superior* for the wrongful and intentional acts, errors, and omissions done in violation of federal law by its employees and agents.

33. Defendant acted in a false, deceptive, misleading and unfair manner when communicating to the credit reporting agencies and third parties inaccurate information which it knows or has reason to believe will defame and intrude on the privacy of the Plaintiff.

34. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character and/or legal ownership of the debt.

35. Defendant knew that its actions violated the FDCPA and FCRA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes but refused to do so and refused to adequately review those actions to insure compliance with said laws.

36. As a result of the conduct, acts and/or omissions of Defendant, Plaintiff has suffered actual damages, including, but not limited to, loss of wages, injury to Plaintiff's reputation, loss of sleep, fear, worry, invasion of privacy, damage to Plaintiff's credit worthiness, emotional and mental pain, anguish, humiliation, embarrassment and rapid heartbeat and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

37. At all times pertinent hereto, Defendant was acting by and through it's agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

6

38. At all times pertinent hereto, the conduct of Defendant as well as it's agents, servants and/or employees, was malicious, intentional, willful, reckless and in wanton disregard for federal, state and city law and the rights of the Plaintiff herein.

39. Defendant(s) are a sophisticated business and knows their conduct is wrong. For example, Defendant(s) have been sued for this identical misconduct in New York District Courts several times, and continues to perform this misconduct as outlined in this Complaint, e.g.

  A. *Miller against Bloomingdale Road Judgement Recovery, Bloomingdale Partners, LP, Bloomingdale Partners, LLC, Bloomingdale Capital Management, LLC, Gil Kreiter a/k/a Gilead Kreiter and JOHN DOES 1-25 – (Case 1:19-cv-01267)*

  B. *Reynolds vs Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery – (Case 1:18-cv-02971)*

  C. *Figaro vs Bloomingdale Partners, LP, Bloomingdale Capital Mangaement, LLC, Bloomingdale Partners, LLC and Gil Kreiter (Case 1:18-cv-01364)*

  D. *Charles vs Gilead Kreiter (Case 1:12-cv-04171)*

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA

40. Plaintiff repeats and re-alleges every allegation contained above and incorporates by reference the foregoing paragraphs.

41. Defendant(s) is a **"debt collector"** as defined by **FDCPA 15 U.S.C. § 1692a (6)**

42. Plaintiff is a **"consumer"** as defined by **FDCPA 15 U.S.C. § 1692a (3)**

43. Defendants violated the **FDCPA 15 U.S.C. § 1692 et seq**.

44. Defendants violated **FDCPA 15 U.S.C. § 1692e (14)**. by using a business, company, or organizations name other than the true name of the debt collector's business, company or organization. Defendants used the name **"Bloomingdale Road Judgement Recovery"** in an attempt to collect a debt.

45. Defendants violated **FDCPA 15 U.S.C. § 1692e (10)** by using false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Defendants used the name **"Bloomingdale Road Judgement Recovery"** and sent Discover Bank a false Subpoena Duces tecum misrepresenting the ownership of said judgment in an attempt to collect a debt.

46. Defendants knowingly, intentionally and willfully violated **FDCPA 15 U.S.C. § 1692e (9)** by using written communication which falsely represented to be a document authorized, issued or

7

approved by any court, official or agency of the United States or any State which creates a false impression as to its source, authorization or approval. **Defendants served a Subpoena Duces Tecum to Discover Bank falsely representing that they were the plaintiff in said judgment in an attempt to collect a debt.**

47. Defendants knowingly, intentionally and willfully violated the **FDCPA 15 U.S.C. § 1692f** by engaging in unfair and unconscionable practices in that Defendants, served Discover Bank with a Subpoena Duces Tecum and obtained Plaintiff's confidential personal and financial information as well as requested and obtained Plaintiff's consumer credit report from Transunion without having a present rights to possession of this information.

48. Defendants knowingly, intentionally and willfully violated **FDCPA 15 U.S.C. § 1692f(1)** by attempting to collect a debt without having made a prior filing with the Court or County Clerk which prohibits collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Attempting to collect a debt without a lawful assignment of that debt is a violation of **FDCPA 15 U.S.C. § 1692f(1).**

49. Based on the actions above, Defendants knowingly, intentionally and willfully violated the FDCPA by taking action that cannot legally be taken, in violation of **15 U.S.C. § 1692e(5)**

50. **Gil Kreiter, a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery and Bloomingdale Partners, LP** intentionally, knowingly, willfully, falsely and repeatedly obtained Plaintiff's confidential personal and financial information to locate Plaintiff's personal residence address and to locate Plaintiff's employer for the purpose of garnishing Plaintiff's wages and to embarrass and intimidate Plaintiff in efforts to collect monies from Plaintiff.

51. Defendant's act as described above were done with intentional, willful, reckless and wanton disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

52. Based on the foregoing, the Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

53. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, attorney's fees and court costs.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE FCRA

54. Plaintiff repeats and re-alleges every allegation contained above and incorporates by reference the foregoing paragraphs.

55. At all times pertinent hereto Plaintiff is a **"consumer"** as that term defined by **15 U.S.C. § 1681 a(b)**

56. At all times pertinent hereto Defendant(s) is a **"person"** as that term defined by **15 U.S.C. § 1681 a(b)**

57. **Gil Kreiter a/k/a/ Gilead Kreiter** and **Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery knowingly, intentionally and willfully** violated the Fair Credit Reporting Act **("FCRA"), 15 U.S.C. § 1681 et seq.**, specifically Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery violated FCRA 15 U.S.C. § 1681q by obtaining Plaintiff's consumer report under false pretenses. **FCRA 15 U.S.C. § 1681q states that "any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both."** Defendants used the name "Bloomingdale Road Judgement Recovery" to obtain Plaintiff's consumer credit report and that such name is a false name intended to convince, mislead and defraud the recipient of collection activities that an entity called "Bloomingdale Road Judgement Recovery" is in the business of recovering judgments and is involved in the collection of the judgment, when no such entity exists.

58. **Gil Kreiter a/k/a/ Gilead Kreiter** and **Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery knowingly, intentionally and willfully** violated the **FCRA 15 U.S.C. § 1681b(a)(3)(A)** by obtaining Plaintiff's consumer report without a permissible purpose. On December 7, 2020, Plaintiff decided to look at Plaintiff's consumer reports from annualcreditreports.com to see if Gil Kreiter and Defendants took any action towards Plaintiff's consumer credit report regarding their collection actions. Upon looking at his TransUnion consumer credit report, Plaintiff noticed that Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery obtained his TransUnion consumer report via Microbilt without a permissible purpose both on October 14, 2019 and in October 30,2020. Gil Kreiter a/k/a Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery had no court order, upon information and belief, no contractual agreement with Plaintiff and no written authorization from Plaintiff to obtain Plaintiff's sensitive, personal and confidential consumer credit report. Plaintiff did not have any "credit" transaction with Gil Kreiter a/k/a/ Gilead Kreiter or Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery for BRJR to obtain Plaintiff's Consumer Credit Report as required in **FCRA 15 U.S.C. § 1681b(a)(3)(A).** *See (Rodriguez v. Experian Information Solutions Inc et al, No. 2:2015cv01224 - Document 21 (W.D. Wash. 2016) and Baron v. Mark A Kirkorsky PC, No. 2:2017cv01118 - Document 25 (D. Ariz. 2017)*

59. **Gil Kreiter a/k/a/ Gilead Kreiter** and **Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery** and **Defendants** intentionally, knowingly, willfully, falsely and repeatedly obtained Plaintiff's consumer credit report without a permissible purpose on October 14, 2019 and October 30, 2020 to locate Plaintiff's personal residence address, to serve the false subpoena on Discover Bank, to locate Plaintiff's employer for the purpose of garnishing Plaintiff's wages and to embarrass and intimidate Plaintiff in efforts to collect monies from Plaintiff. Defendants conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully in this Complaint, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and

9

punitive damages, along with attorney's fees and court costs in the event Plaintiff retains an attorney during the pendency of this action pursuant to 15 U.S.C. § 1681 n, and 1681 o, as well as such other relief, permitted by law.

60. Based on the foregoing, the Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

## THIRD CAUSE OF ACTION

## INVASION OF PRIVACY

61. Plaintiff repeats and re-alleges every allegation contained above and incorporates by reference the foregoing paragraphs.

62. Defendant's conduct, including but not limited to obtaining Plaintiff's consumer credit reports from the credit bureaus without having a permissible purpose and obtaining from Discover Bank access to Plaintiff's confidential and personal financial records constitutes an invasion of privacy. Defendants were fully aware that they were not legally entitled to collect and were not licensed to act as a debt collection agency in New York City. Unlicensed entities are not entitled to engage in collection activities and lack of a license is a defense in any attempt to collect a debt.

63. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, and Fair Credit Reporting Act, when it stated as part of its findings that:

**"Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**."

**15 U.S.C. § 1692(a) (emphasis added).**

Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

"It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information."

**15 U.S.C. § 6801(a) (emphasis added).**

64. Defendants intentionally, recklessly, and/or willfully interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

65. Defendant intentionally, recklessly, and willfully caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting or credit reporting this debt thereby invading and intruding upon Plaintiff's right to privacy.

66. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

67. The conduct of Defendant, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

68. **Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery and Bloomingdale Partners, LP** intentionally, knowingly, willfully, falsely and repeatedly obtained Plaintiff's confidential personal and financial information to locate Plaintiff's personal residence address and to locate Plaintiff's employer for the purpose of garnishing Plaintiff's wages and to embarrass and intimidate Plaintiff in efforts to collect monies from Plaintiff.

69. Based on the foregoing, the Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

70. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

71. All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §349 (NYGBL §349)

72. Plaintiff repeats and re-alleges every allegation contained above and incorporates by reference the foregoing paragraphs.

73. Each of the deceptive acts and practices set forth above constitute violations of NYGBL §349 independent of whether these acts and practices constitute violations of any other laws.

74. These deceptive acts and practices were committed in the conduct of business, trade, commerce or the furnishing of a service in New York State.

75. Specifically, these deceptive acts and practices occurred in the course of Defendants' attempts to collect a debt that Defendants knew they did not have a legal right to do so. These acts and practices occurred in New York State. Defendants were fully aware that they were not legally entitled to collect from Plaintiff and were not licensed to act as a debt collection agency

in New York City. Unlicensed entities are not entitled to engage in collection activities and lack of a license is a defense in any attempt to collect a debt. (**New York City Administrative Code Title 20, Chapter 2 Subchapter 30 § 20-490 states, "§ 20-490 License required. It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations."**

76. Defendants' conduct was not a unique, one-time occurrence but rather repeatedly used misleading boilerplate documents sent by debt collector to a consumer.

77. Defendants' willfully, intentionally and knowingly engaged in the deceptive tactics set forth herein in bad faith and, on information and belief based on public documents, do so on a regular and recurring basis.

78. Defendants' statements and conduct, as set forth herein and in the attached Exhibits, were materially misleading.

79. As a result of the violations of NYGBL §349, Plaintiff suffered actual damages as set forth in the above paragraphs.

80. Based on the foregoing, the Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

81. For these reasons, Plaintiff is entitled to actual damages, punitive damages, court costs and attorney fees in the event Plaintiff retains counsel during the pendency of this action and such other and further relief which the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### FRAUD

82. Plaintiff repeats and re-alleges every allegation contained above and incorporates by reference the foregoing paragraphs.

83. Defendant(s) maintains a location at 301 East 66th Street, #2B, New York, NY 10065.

84. Defendant(s) at all times herein mentioned exists under the laws of the City and State of New York.

85. On or about November 27, 2020, **Bloomingdale Partners, LP** sent a Subpoena Duces Tecum to Discover Bank and obtained Plaintiff's sensitive, personal and confidential financial records by intentionally, knowingly, willfully and falsely representing that Bloomingdale Partners, LP was a plaintiff in said action and that Bloomingdale Partners, LP had a legal right to obtain this information when in fact Bloomingdale Partners, LP knew they were not legally

allowed to do so. Defendant used the name Bloomingdale Partners, LP (BP) when requesting these financial records. Bloomingdale Partners, LP made statements to Discover Bank without any reference to readily available data and ignored the data's impact. Specifically, Bloomingdale Partners, LP did not show Discover Bank or Plaintiff proof that Bloomingdale Partners, LP was licensed in NYC to collect a debt, proof that Bloomingdale Partners, LP legally owned the judgment or proof the Bloomingdale Partners, LP was assigned the judgment. When Bloomingdale Partners, LP made these representations, Bloomingdale Partners, LP knew them to be false, and these representations were made by Bloomingdale Partners, LP with the intent to defraud and deceive Plaintiff and Discover Bank and with the intent to induce Discover Bank to act in the manner herein alleged. Bloomingdale Partners, LP acted with reckless, willful and intentional knowledge of wrongdoing which constitutes Scienter.

86. On **October 14, 2019** and **October 30, 2020, Gil Kreiter a/k/a/ Gilead Kreiter** and **Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery** sent a request to TransUnion via Microbilt consumer reporting agencies and obtained Plaintiff's consumer credit reports by falsely representing that they had a legal right to obtain this information when in fact they knew they were not legally allowed to do so. Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery used the name "Bloomingdale Road Judgement Recovery" (BRJR) when requesting Plaintiff's confidential and personal consumer credit report from said consumer reporting agencies. Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery made statements to Microbilt and Transunion without any reference to readily available data and ignored the data's impact. Specifically, Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery did not show Microbilt, Transunion or Plaintiff proof that they were licensed in NYC to collect a debt or proof that they legally had a right to possession of Plaintiff's Consumer Credit Report. When Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery made these representations, they knew them to be false, and these representations were made by them with the intent to defraud and deceive said credit reporting agencies and with the intent to induce said credit reporting agencies to act in the manner herein alleged. Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery acted with reckless, willful and intentional knowledge of wrongdoing which constitutes Scienter.

87. **Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery and Bloomingdale Partners, LP** intended to cheat and defraud Plaintiff, Discover Bank, Microbilt and Transunion by making statements that they either knew not to be true or had reckless indifference to whether the statements were true. Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery and Bloomingdale Partners, LP intended for Plaintiff, Discover Bank, Microbilt and Transunion to act based upon these false statements causing damages to Plaintiff as a result of this fraud.

88. **Gil Kreiter a/k/a/ Gilead Kreiter and Gil Kreiter d/b/a Bloomingdale Road Judgement Recovery and Bloomingdale Partners, LP** intentionally, knowingly, willfully, falsely and repeatedly obtained Plaintiff's confidential personal and financial information to locate Plaintiff's personal residence address and to locate Plaintiff's employer for the purpose of garnishing Plaintiff's wages and to embarrass and intimidate Plaintiff in efforts to collect monies from Plaintiff.

89. Based on the foregoing, Plaintiff alleges that **Gil Kreiter a/k/a Gilead Kreiter, Gil Kreiter d/b/a/ Bloomingdale Road Judgement Recovery and Bloomingdale Partners LP and Defendants** are responsible for the collection activities conducted under the name "Bloomingdale Road Judgement Recovery" and that such name is a false name intended to convince, mislead and defraud the recipient of collection activities that an entity called "Bloomingdale Road Judgement Recovery" is in the business of recovering judgments and is involved in the collection of said judgment, when no such entity exists.

90. Based on the foregoing, the Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

91. In doing the acts alleged, Defendants acted with oppression, fraud and malice and Plaintiff is entitled to actual and punitive damages in the amount which the court may deem just and proper.

## DAMAGES

92. As of **April 30, 2021, Bloomingdale Road Recovery, LLC** has been **unlawfully** wage garnishing various dollar amounts from Plaintiff's paycheck and, to date, is still unlawfully garnishing various dollar amounts from Plaintiff's paycheck that is totaling **$51,746.84** within a short time frame, causing Plaintiff extreme financial burden due to Defendants actions..

93. Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

## JURY TRIAL DEMAND

94. Plaintiff demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

95. Based on the foregoing, the Plaintiff has suffered loss of wages through unlawful garnishment, loss of sleep, humiliation, embarrassment, mental anguish, emotional distress, anxiety, nervousness, fear and worry, depression, feelings of powerlessness and rapid heartbeat due to Defendants actions.

96. Defendants have intentionally, recklessly, maliciously, willfully, repeatedly and knowingly violated Plaintiff's rights afforded him under the Fair Credit Reporting Act and Fair Debt Collections Practices Act.

97. Plaintiff seeks an Order from the Court to immediately stop the garnishment of Plaintiff's wages by Defendant(s) and discontinue all collection efforts against Plaintiff for said Judgment by Defendant(s).

98. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendants for actual damages.

99. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendants for statutory and actual damages for violations of the **FDCPA**.

100. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendants for actual, statutory and punitive damages for violations of the **FCRA**.

101. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendant for actual and punitive damages for **Fraud**.

102. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendant for actual and punitive damages for **Invasion of Privacy**.

103. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendant for actual, statutory and punitive damages for violations of **New York General Business Law §349**.

104. Plaintiff seeks Judgment of this Court in Plaintiff's favor against Defendant for punitive damages for willful noncompliance of the FCRA as Defendant's actions towards Plaintiff were malicious and Defendant intentionally, recklessly, knowingly, willfully and repeatedly violated Plaintiff's rights. Defendant's actions constitute a wanton and gross disregard for the law.

105. Plaintiff seeks attorney's fees if Plaintiff retains an attorney during the pendency of this action pursuant to **15 U.S.C. § 1681 n, and 1681 o**.

**WHEREFORE**, the Plaintiff respectfully requests a Judgment of this Court in Plaintiff's favor awarding him actual, statutory and punitive damages all as provided by law, attorney's fees if Plaintiff retains an attorney during the pendency of this action pursuant to 15 U.S.C. § 1681 n, and 1681 o, equitable relief, the costs and disbursements of this action and for such other and further relief which the Court may deem just and proper.

DUANE HINES
Pro Se
PO BOX 250251
BROOKLYN, NY 11225
(347) 587-0958
MrDuaneHines@gmail.com

DATED: **August 27, 2021**

15

# EXHIBIT A

_[handwritten: Purchased by Which Firm??]_

**Bloomingdale Road Recovery, LLC** _[handwritten: ?]_
301 East 66th Street, #2B
New York, NY 10065
(718) 360 -1354 voice
(718) 788- 0859 facsimile
Gil@BloomingdalePartners.com _[handwritten: ?]_

_[handwritten, circled: January 11, 2018]_

DUANE A HINES
_[redacted]_

_[handwritten: What date did you purchase this judgment? Purchased how?]_

Dear DUANE A HINES,

This firm has purchased the judgment of $23,748.71 owed to Federated Capital Corporation d/b/a Federated Financial Corporation of America obtained in Supreme Court, State of New York, County of Nassau with case number 2604/08, on 2009-05-20.

Unless you dispute the validity of this debt, or any portion of it, within thirty days of receipt of this letter, the debt will be assumed to be valid.

If you notify us, in writing at the address above, within thirty days of receipt of this letter that you dispute this debt, or any portion of it, we will send you the documents we have verifying the debt.

Sincerely,

_Gil Kreiter_
Gil Kreiter

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

_[handwritten: Who owns a valid "bill of sale" of this alleged purchase? Who owns the assignment documents?]_

✳ Bloomingdale Road Recovery, LLC ← ?
301 East 66th Street, #2B
New York, NY 10065
(718) 360 -1354 voice
(718) 788- 0859 facsimile
✳ Gil@BloomingdalePartners.com ← ?

February 8, 2018

Duane Hines

Who is "Ms Hines"?

Dear Ms. Hines,

Enclosed please find the judgment valid until May 19, 2029 which was requested for validation.

If you have any questions, please feel free to contact me at any time.

Sincerely,

Gil Kreiter

What is the purpose of this letter?
Is it a debt collection?
Where does it say it is a debt collection?

What does Gil Kreiter have to do with this judgement attached to this letter?

✳ Bloomingdale Road Recovery, LLC ↙ ?
301 East 66th Street, #2B
New York, NY 10065
(718) 360 -1354 voice
(718) 788- 0859 facsimile
✳ Gil@BloomingdalePartners.com ↙ ?

February 9, 2018

DUANE A HINES

Re: Federated Capital Corporation d/b/a Federated Financial Corporation of America v DUANE A HINES; Index No. 2604/08, Supreme Court, State of New York, County of Nassau

$42,398.52 ☺
↙ for what?

**Subject: Offer to Settle – Expires February 13, 2018**

Dear DUANE A HINES,

As of the date of this letter, the amount due to satisfy the above judgment is $42,398.52. This consists of the original judgment amount of $23,748.71, plus interest of $18,649.81 minus credits of $000.00.

As we wish to give you one last chance to settle this matter and avoid the unpleasantness of further collection efforts, we are willing to work out an affordable repayment plan.

Our payment plans require automatic scheduled withdrawals from a checking account. The faster that you can commit to pay – the more we discount the amount of the debt. You may choose a plan that ranges from 15 days to five years, and a stop interest plan as follows:

- Stop Interest Accruing: No discount. You pay $42,398.52 at 0% interest. = $20 / month
- 5-year plan: No discount. You pay $42,398.52 at 0% interest. = $706.64/ month.
- 4-year plan: 10% discount. You pay $38,158.67 at 0% interest. = $794.97/ month.
- 3-year plan: 20% discount. You pay $33,918.81 at 0% interest. = $942.19/ month.
- 2-year plan: 30% discount. You pay $29,678.96 at 0% interest. = $1236.62 / month.
- 1-year plan: 40% discount. You pay $25,439.11 at 0% interest. = $2119.93 / month.
- 15-day plan: 50% discount. You pay $21,199.26 by 2/13/2018 and we accept that as full and final satisfaction of the debt.

If one the installment plans is acceptable to you, simply call us and let us know. We will send you a payment agreement to sign and send back with a voided check.

Your payment or the signed payment agreement with voided check must be received by us on or before **Friday, February 13, 2018** or this offer to settle is withdrawn without further notice.

Sincerely,

*Gil Kreiter*

Gil Kreiter

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Why are you threatening me???

# EXHIBIT B

 Gmail

Duane Hines

Civil Subpoena <CivilSubpoena@discover.com>
To: DUANEHINES <RDUANEHINES@gmail.com>
Cc: Civil Subpoena <CivilSubpoena@discover.com>

Fri, Nov 27, 2020 at 4:44 PM

 DISCOVER

November 27, 2020

**Re: Request for Records**

**Case No.:**

Dear Duane Hines,

Attached is a copy of a document that Discover® has received requesting production of records of your Discover product(s).

Unless we receive a court order within 10 days directing otherwise, we will comply with the request. If you have any further questions regarding this matter, please email CivilSubpoena@Discover.com or mail any inquiries to the following address:

Discover Financial Services

2500 Lake Cook Rd

Riverwoods, IL 60015

Sincerely,

Discover

Compliance Operations | ETIM

2500 Lake Cook Rd, Riverwoods, IL 60015

CivilSubpoena@Discover.com

CV2020-█████ External Records Request

Civil Subpoena <CivilSubpoena@discover.com>
To: Duane Hines ████████
Cc: Civil Subpoena <CivilSubpoena@discover.com>

Mon, Jan 4, 2021 at 7:32 PM

Afternoon,

Subpoenaed records were sent to Alexander H Yetwin with Bloomindale Partners LP. We do not know what BRJR stands for, you may need to contact the requestor to find out what the abbreviation stands for.

Thank you,

Discover

Compliance Operations | ETIM

2500 Lake Cook Road, Riverwoods, IL 60015

CivilSubpoena@discover.com

*→ Why did this UNLICENSED debt collection agency, Bloomingdale Partners LP.) claim they own this judgement and trying to collect money from NYC residents during a pandemic?*

*\* Bloomingdale Partners LP is registered in Delaware State!*

From: Duane Hines [mailto:█████████
Sent: Monday, January 4, 2021 7:24 AM
To: Civil Subpoena <CivilSubpoena@discover.com>
Subject: [EXTERNAL] Re: CV2020-████████ External Records Request

**CAUTION EXTERNAL EMAIL**
**DO NOT open attachments or click on links from unknown senders or unexpected emails.**

Good morning. Can I please have the name of the organization you sent my financial information to? The caption of the Judgment Creditor says "Federated Financial Corporation of America", however the lawyer who signed was not a party on the judgment and states he is the attorney for plaintiff "BRJR". What or who does BRJR stand for and who was the person my financial records was directed to?

Thank you
Duane Hines

*\* Why did Discover Bank not verify if Bloomingdale Partners LP had a legal right to obtain Duane Hines' financial records?*

*Where does this say Bloomingdale Partners LP?*

*Why?*

**Supreme Court of the State of New York**
**County of Nassau**

----------------------------------------X

Federated Financial Corporation of America AAO
Advanta Bank Corp.

        Judgment Creditor,

    -against-

DUANE A HINES ▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

       Judgment Debtor(s).

----------------------------------------X

Index No. ▅▅▅▅▅▅

**SUBPOENA DUCES TECUM**
(FOR DOCUMENTS)

**THE PEOPLE OF THE State of New York TO:**

Discover Products, Inc.
Legal Order Processing
c/o CT Corporation System
28 Liberty Street, 42nd Floor
New York, NY 10005.

**GREETING:** Whereas, in an action in Supreme Court, County of Nassau, between Federated Financial Corporation of America AAO Advanta Bank Corp. as plaintiff and DUANE A HINES ▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ as defendant(s), who are all the parties named in said action, a judgment was entered on 2009-05-20 in favor of Federated Financial Corporation of America AAO Advanta Bank Corp., plaintiff and against DUANE A HINES ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ defendant(s), in the amount of $23,748.71 of which $23,748.71 together with interest thereon from 2009-05-20 remains due and unpaid.

**NOW, THEREFORE, WE COMMAND YOU** that all business and excuses being laid aside, you, and each of you, mail copies of the documents requested to 301 East 66th Street, #2B, NY, NY, 10065 by **December 16, 2020** at 10:00 o'clock a.m. and that you produce for examination by that time and place the following papers, documents and records:

    For all credit accounts that were opened at any time in the past, and have been open during the last 12 months for the above Judgment Debtor(s).

21. Copies of the last five payments identifying payor bank, and

22. Copies of all applications for credit

*Whose address is this?*

*Why did Bloomingdale Partners LP demand and OBTAIN Duane Hines financial information?*

*What does Bloomingdale Partners have to do with this judgement?*

*Why?* 

For all **depository** accounts that were opened at any time in the past, and have been open during the last 12 months for the above Judgment Debtor(s).

23. Copies of the last six statements, and

24. Copies of all deposits over $500 identifying paying entity

**PLEASE TAKE NOTICE**, that false swearing or failure to comply with this Subpoena is punishable as a contempt of court.

I HEREBY CERTIFY THAT THIS SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW, THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

DATED: November 16, 2020

Alexander H Yetwin, Esq.
*Attorney for Plaintiff*
BRJR
301 East 66ª Street, #2B
NY, NY 10065
(718) 360-1354 voice
(718) 788-0859 facsimile
Gil@BloomingdalePartners.com

Reply to:
*BRJR who?*

*who does this address belong to??*

*Attorney for what plaintiff?*

*Bloomingdale Partners ??*

*✱ How did Bloomingdale Partners LP. get the Court to approve this false subpoena representing themselves as "Plaintiff" on a Judgement they don't own or can't lawfully collect on?*

# EXHIBIT C



**\*\*\*Important Notice\*\*\***

# Credit Reports for collection of delinquent child support, judgments, fines and liens may no longer be permitted

Federal courts recently have issued rulings about the use of consumer reports for the collection of an account under the Fair Credit Reporting Act (FCRA). [1]

These cases note that certain definitions were added to the FCRA as part of the 2003 amendments (FACT Act). In particular, the word "credit" was defined. As a result of the new definition the position that is being advocated is that a "collection of an account" is a permissible purpose to obtain a consumer report *only when the collection is in connection with a credit transaction.*

The courts have specifically rejected prior case law and FTC guidance that a judgment creditor had permissible purpose, noting that those decisions pre-dated the FACT Act. These cases have held that a delinquent child support obligation, municipal fines arising from parking tickets, and a statutory debt resulting from the towing and impound of an illegally parked vehicle did not arise from a "credit transaction." As a result, the courts found that collection of those accounts was not a valid permissible purpose to obtain a consumer report.

**If you use TransUnion consumer report services in connection with the collection of an account, we advise you to promptly review the new case law with your regular attorney or compliance advisor.**

TransUnion will be contacting each customer that is a third-party collector to discuss this issue. We expect to confirm with you that you are in compliance with this new interpretation. Until then, unless you advise otherwise, we are relying upon you to comply with your contract with TransUnion and this new interpretation of the law. **This means that you may obtain TransUnion reports for collection purposes only when collecting on an obligation arising from a credit transaction, or where you have the written authorization of the consumer or a court order to obtain a consumer report.**

As an example, for collectors of delinquent child support debt, judgments, fines, or liens, you must have in hand:

- A court order authorizing a consumer reporting agency to provide a consumer report,
- A written authorization from the debtor to obtain a consumer report, or
- Some type of contractual agreement with the consumer that rises to the level of a credit transaction under law.

*What did Gil Kreiter d/b/a Bloomingdale Road JUDGEMENT Recovery show Transunion and Microbilt to obtain Duane Hines Consumer Report?*

---

[1] Kevin D. Miller v. Trans Union LLC, Experian Information systems, Inc. and Supportkids, Inc., Case 1:06-cv-02883, 2/28/2007 (N.D. Illinois); Kenneth McCready vs. Linebarger Goggan Blair & Sampson, LLP, et al., Case: 06 C 4884, 8/15/2007 (N.D. Illinois), Maria E. Pintos v. Pacific Creditors Association, Experian Information Solutions, Inc., No. 04-17485, D.C. No. CV-03-05471-CW, 9/21/2007 (9th Circuit Court of Appeals).

transunion.com

# EXHIBIT D

 Gmail

Duane Hines <mrduanehines@gmail.com>

## ILLEGAL DEBT COLLECTION AND VIOLATIONS OF FEDERAL, LOCAL AND STATE LAWS

**Duane Hines** <mrduanehines@gmail.com>
To: Gil@bloomingdalepartners.com

Fri, Dec 11, 2020 at 1:33 PM

TO:　　GIL KREITER, GILEAD KREITER, BLOOMINGDALE PARTNERS,
　　　　BLOOMINGDALE CAPITAL MANAGEMENT, BLOOMINGDALE ROAD RECOVERY LLC, BLOOMINGDALE ROAD
　　　　JUDGEMENT RECOVERY

ATTACHED IS THE LETTER I SENT YOU VIA USPS CERTIFIED MAIL No 7019 1640 0000 8785 0808 THAT YOU RECEIVED
AND SIGNED FOR.

UPDATE:

UPON FURTHER INVESTIGATION, I HAVE FOUND THAT YOU ALSO VIOLATED MY FCRA RIGHTS.

WHICH FIRM OF YOURS, GIL KREITER, BOUGHT THIS ALLEGED JUDGMENT?
YOUR FIRST LETTER IS MISLEADING.

WAS IT GIL KREITER, BLOOMINGDALE PARTNERS, BLOOMINGDALE CAPITAL MANAGEMENT, BLOOMINGDALE ROAD
RECOVERY LLC, BLOOMINGDALE ROAD JUDGEMENT RECOVERY OR ANOTHER ENTITY OF GIL KREITER BECAUSE NONE
OF THESE BUSINESSES ARE LICENSED IN NYC TO PERFORM DEBT COLLECTION ACCORDING TO THE NEW YORK CITY
DEPARTMENT OF CONSUMER AFFAIRS.

BLOOMINGDALE ROAD JUDGMENT RECOVERY IS NOT EVEN A LEGAL BUSINESS THAT EXISTS OR AUTHORIZED TO DO
BUSINESS IN NEW YORK ACCORDING TO THE NEW YORK STATE BUSINESS LICENSING WEBSITE, MUCH LESS
AUTHORIZED TO PULL MY CREDIT REPORT WITHOUT A PERMISSIBLE PURPOSE AS OUTLINED IN THE FCRA.

YOUR SUBPOENA DUCES TECUM LISTS BLOOMINGDALE ROAD JUDGMENT RECOVERY (BRJR) UNDER YOUR
ATTORNEY'S NAME. THIS WAS A THIRD PARTY COMMUNICATION FROM YOU TO DISCOVER BANK TO DEFAME MY
NAME, WHY?

YOUR FICTITIOUS COMPANY, BLOOMINGDALE ROAD JUDGMENT RECOVERY, ILLEGALLY PULLED MY TRANSUNION
CREDIT REPORT via MICROBILT IN OCTOBER OF 2019 AND OCTOBER OF 2020. I HAVE PROOF OF THIS. WHY DID YOU
DO THAT?

WHAT LEGAL PERMISSIBLE PURPOSE DID YOU, GIL KREITER OR YOUR FICTITIOUS COMPANY, BLOOMINGDALE ROAD
JUDGMENT RECOVERY, HAVE FOR THIS TO BE COMPLIANT WITH THE FCRA OR FDCPA?

WHY ARE YOU USING THIS FICTITIOUS BUSINESS NAME TO INVADE MY PRIVACY AND TO TRY TO OBTAIN MONEY
FROM ME?

A COPY OF THIS EMAIL AND ATTACHED FILE IS BEING SENT TO CONSUMER ATTORNEYS.

LET ME KNOW HOW YOU WANT TO PROCEED WITH THIS MATTER THAT YOU DEEM TO BE A "DEBT COLLECTION".

DUANE HINES
MRDUANEHINES@GM

📄 **Letter to Gil Kreiter and Bloomingdale Partners for Violations.pdf**
　　7670K

 Gmail

Duane Hines <~~~duanehines@gmail.com~~~>

## ILLEGAL DEBT COLLECTION AND VIOLATIONS OF FEDERAL, LOCAL AND STATE LAWS

**gil@bloomingdalepartners.com** <gil@bloomingdalepartners.com>
Reply-To: "gil@bloomingdalepartners.com" <gil@bloomingdalepartners.com>
To: Duane Hines <~~~duanehines@gmail.com~~~>

Fri, Dec 11, 2020 at 2:51 PM

There are a lot of questions here.  If you would like to talk about it,

please call me.

Gil Kreiter

Bloomingdale Road Judgement Recovery

301 East 66th Street, #2B

New York, NY 10065

(718) 360-1354 v

(718) 788-0859 f

"Judgement Recovery ???"

[Quoted text hidden]

↑ Why call you ???
I don't know who
GILKREITER IS !!!

Send it in writing !!

* How did Gil Kreiter get TransUnion and Discover to release Duane Hines financial Documents ??

FDCPA VIOLATION ←

↑ Are you attempting to collect a debt ?? Why call you ???